IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

LAZARO DESPAIGNE BORRERO,

    Plaintiff,

vs.    No. 05-2857-Ml/V

HARLEY G. LAPPIN,

    Defendant.

---

ORDER OF DISMISSAL
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AS MOOT
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

Plaintiff, Lazaro Despaigne Borrero, Bureau of Prisons (BOP) registration number 12973-074, an inmate at the Federal Correctional Institution at Memphis (FCI),[1] has filed this document described as a habeas petition under 28 U.S.C. § 2241. The petitioner paid the five dollar filing fee. The Clerk of Court shall not issue any process, but shall record the respondent as Harley Lappin.

Borrero alleges that he has been improperly transferred to and confined at FCI Memphis despite the order of United States District Judge Joan Ericksen which recommended that he be confined in a "facility capable of assessing and addressing his medical needs" and an "institution in the State of Minnesota." Borrero alleges that he

---

[1] The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

has been illegally transferred to FCI Memphis, a location approximately 1200 miles from his home and family. He alleges that he has exhausted his administrative remedies.

Because of the specificity of the injunctive relief requested[2] and plaintiff's designation of his complaint as a habeas petition, the Court declines to address any alleged underlying FCI Memphis prison conditions claims for the conditions of his confinement at FCI Memphis which may be brought pursuant to <u>Bivens v. Six Unknown Federal Agents</u>, 403 U.S. 388 (1971). To the extent plaintiff seeks review, he must file a <u>Bivens</u> action for those claims,[3] demonstrate administrative exhaustion of each claim, and pay the required $250 filing fee.

Any analysis of a habeas petition under § 2241 by a federal prisoner must begin with the statute that authorizes the court to exercise jurisdiction over the prisoner's custodian. Habeas relief is only available if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Borrero is thus only entitled to habeas relief if the BOP is confining him in violation of the Constitution or laws of the United States. Reduced to its essence, the issue is thus whether he can claim a right to due process in connection with BOP transfer

---

[2] Borrero seeks an order directing his immediate transfer to a federal facility in Minnesota which is capable of assessing and addressing his medical needs.

[3] Those claims include: confinement to segregation and lockdown, improper medical care, lack of visitation, lack of commissary, denial of phone calls, revocation of good time credits, and improper disciplinary convictions.

2

decisions, not whether the BOP has merely interpreted its regulations correctly in administering and interpreting its regulations.

An inmate does not have a protected right to be housed in a particular BOP institution. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye v. Haymes, 427 U.S. 236, 242-43 (1976). Furthermore, an inmate does not have a liberty interest in a particular security classification or housing assignment. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Newell v. Brown, 981 F.2d 880, 883 (6th Cir. 1992); Beard v. Livesay, 798 F.2d 874, 876 (6th Cir. 1986). Rather, 18 U.S.C. § 3621 vests absolute discretion in the BOP to designate "the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). See, e.g., Brown-Bey v. United States, 720 F.2d 467, 470 (7th Cir. 1983); Lyons v. Clark, 694 F. Supp. 184, 187 (E.D. Va. 1988).

Federal courts no longer look to language in laws or BOP regulations in connection with prison assignment claims to determine if a prisoner is deprived of any liberty interest protected by the Due Process Clause. Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir. 1995). Rather, the focus is on the nature of the deprivation itself.

> After [Sandin v. Conner, 515 U.S. 472 (1995)], prisoners may no longer peruse state statutes and prison regulations searching for the grail of limited discretion. Instead, a prisoner has a liberty interest only in "freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 477-488.

Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995). According to Orellana, only deprivations that clearly impinge on the duration of confinement, will henceforth even possibly qualify for constitutional

3

"liberty" status. Id. at 31-32. After Sandin, transfers and assignment to a particular prisons do not constitute an atypical and significant hardship affecting the duration of confinement and do not constitute the deprivation of a liberty interest. Petitioner, thus, has no due process claim.

Accordingly, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the respondent to show cause need not issue. The petition is DENIED. Petitioner's motion for appointment of counsel is DENIED as moot due to the dismissal of the petition.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by prisoners seeking review of federal agency determinations under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. I.N.S., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917.[4] Under the Prison Litigation Reform Act of 1995 (PLRA), 28

---

[4] The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

4

U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether these requirements apply to § 2241 cases. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions. See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. U.S. Parole Com'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g, Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the court finds the reasoning of McIntosh persuasive, and because the court finds that this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the court concludes that the PLRA does not apply to § 2241 petitions.

Pursuant to Kincade, a petitioner must seek leave to proceed in forma pauperis from the district court under Fed. R. App. 24(a), which provides:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the

5

party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the court to dismiss this petition as devoid of merit also compel the conclusion that an appeal would be frivolous. It is therefore CERTIFIED, pursuant to F.R.A.P. 24(a), that any appeal in this matter by petitioner is not taken in good faith, and he may not proceed on appeal in forma pauperis.

IT IS SO ORDERED this ____1____ day of December, 2005.

JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02857 was distributed by fax, mail, or direct printing on December 2, 2005 to the parties listed.

---

Lazaro Despaigne Borrero
FCI-MEMPHIS
12973-074
P.O. Box 34550
Memphis, TN 38184--055

Honorable Jon McCalla
US DISTRICT COURT