IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|                              | ʡ |                      |
| ---------------------------- | - | -------------------- |
| LAZARO DESPAIGNE BORRERO,     | ʡ |                      |
|                              | ʡ |                      |
|          Plaintiff,          | ʡ |                      |
|                              | ʡ |                      |
| vs.                          | ʡ | No. 05-2857-Ml/V     |
|                              | ʡ |                      |
| HARLEY G. LAPPIN,            | ʡ |                      |
|                              | ʡ |                      |
|          Defendant.          | ʡ |                      |
|                              | ʡ |                      |

_____

ORDER CONSTRUING OBJECTION AS RULE 60(b) MOTION
AND
ORDER DENYING MOTION
_____

On December 1, 2005, the Court entered its order and judgment dismissing this habeas petition.  On January 9, 2006, Petitioner Borrero filed a document entitled in part "Objection to the U.S. Magistrate's Order to Dismiss Petitioner's Petition For a Writ of Habeas Corpus Relief."  The order of dismissal was entered by the undersigned judge, not, as Borrero contends, by a Magistrate judge. Accordingly, Borrero had no procedural right to file an "Objection." Therefore, the Court construes the "Objection" as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

The motion consists of Borrero's conclusory allegations of prejudice and bias and his mistaken belief that his petition was reviewed by a Magistrate Judge.  In reviewing prisoner cases, the Court follows the procedure set forth in the administrative order of

the United States Court of Appeals for the Sixth Circuit which
states:

> [B]efore service of process is made on the opposing
> parties, the district court must screen the case under the
> criteria of 28 U.S.C.A. § 1915(e)(2) and 28 U.S.C.A. §
> 1915A. . . . Therefore, in prisoner cases, the district
> court must first examine a complaint under § 1915A and then
> review the complaint under § 1915(e)(2) before the case may
> proceed in normal course. District courts are required to
> screen all civil cases brought by prisoners, regardless of
> whether the inmate paid the full filing fee, is a pauper,
> is pro se, or is represented by counsel, as the statute
> does not differentiate between civil actions brought by
> prisoners.

In Re Prison Litigation Reform Act, 105 F.3d 1131, 1131-33 (6th Cir.
1997)(articulating how district courts should apply the PLRA).

The Court screened Borrero's petition by reviewing all facts
presented, analyzed the facts presented under the applicable law, and
determined that Borrero was "not entitled" to service of process, an
evidentiary hearing, or habeas relief. See 28 U.S.C. § 2243.
Borrero's motion adds no facts to the original petition that would
cause the Court to reconsider its order of dismissal. Accordingly,
the motion for relief from judgment is DENIED.

For the reasons previously expressed in the order denying the
original petition, the Court reiterates its certification, pursuant
to F.R.A.P. 24(a), that any appeal in this matter by petitioner is
not taken in good faith and that petitioner may not proceed on appeal
in forma pauperis.

IT IS SO ORDERED this 23rd day of January, 2006.

/s/ Jon P. McCalla
JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE